UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 04-CV-80439
vs.                                HON. GEORGE CARAM STEEH

DANIEL LEE STUART,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE MOTION (#49) AND DENYING DEFENDANT'S MOTION TO SUPPRESS AND DEMAND FOR FRANKS HEARING (#51)

Defendant Daniel Stuart moves for an extension of time to file a motion to suppress and a demand for a Franks[1] hearing.  Simultaneously, defendant has also filed his motion to suppress and demand for a Franks hearing.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

Following an October 20, 2005 hearing, the court denied defendant's second motion to suppress evidence of marijuana and firearms seized during a March 25, 2003 warrant based search of his residence at 633 Edgewood, Jackson, Michigan.  The court also denied defendant's request to file a third motion to suppress.  See October 20, 2005 Order. At a December 6, 2005 hearing, the court granted Attorney Charles Fleck's motion to withdraw as defense counsel, granted defendant's motion for an adjournment of trial, rescheduled trial for February 21, 2006, and granted defendant's current counsel leave to

_____

[1] Franks v. Delaware, 438 U.S. 154 (1978).

file an additional Franks motion on or before December 13, 2005.  See December 6, 2005

Order.  Defendant filed the instant motions on December 21, 2005.

## I. Motion for Extension

Where, as here, a party moves for an enlargement of time after the specified time

to act has expired, the court may grant the motion for good cause shown and excusable

neglect.  Fed. R. Civ. P. 6(b).  Defense counsel attests that she did not receive notice of

the December 13, 2005 filing deadline until December 16, 2005.  Considering Counsel's

attestations, and diligence in filing the request for a Franks hearing on the same day she

moved for an extension of time to file the motion, defendant's motion for an extension of

time will be granted nunc pro tunc.  Fed. R. Civ. P. 6(b).

## II.  Motion To Suppress and Demand
## For Franks Hearing

Under Franks, a defendant is entitled to a hearing "if and only if (1) there is a

substantial preliminary showing that specified portions of the affiant's averments are

deliberately or recklessly false *and* (2) a finding of probable cause would not be supported

by the remaining content of the affidavit when the allegedly false material is set to one

side."  United States v. Atkins, 107 F.3d 1213, 1216-17 (6th Cir. 1997) (quoting United

States v. Campbell, 878 F.2d 170, 171 (6th Cir.) (emphasis in original), cert. denied, 493

U.S. 894 (1989)).

Defendant's initial accusation that Judge Charles Falahee did not act as a neutral

and detached magistrate when issuing the warrant does not go to the truthfulness of

Costley's attestations.  Judge Falahee's bind over of defendant on a prior state felony

charge that was eventually dismissed does not evidence that Judge Falahee acted in bad

faith, either here or in the prior bind over.  Officer Costley's veracity is not impugned by his

CRITICAL

use of defendant's full name "Daniel Lee Stuart" in the affidavit, even if defendant is only known by the name Daniel Stuart.

As admitted by defendant, Officer Costley's informant was not a confidential informant, but disclosed informant Daniel Hale.   Officer Costley's affidavit informed the issuing magistrate judge that: (1) Michigan State Trooper Leece stopped Daniel Hale for a traffic violation on March 25, 2003, and discovered one pound of marijuana in Hale's car; (2) Costley interviewed Hale that same day; (3) Hale told Costley that he purchased the marijuana from defendant that day for $1,500.00; (4) Hale told Costley that he purchased the marijuana at defendant's 633 Edgewood residence; (5) Hale told Costley he saw an additional ten pounds of marijuana at defendant's residence when making his purchase; (6) Hale told Costley that he had been purchasing marijuana from defendant for the past three years; (7) Hale told Costley that during the past three months he had purchased marijuana from defendant every three weeks; (8) Costley observed a field test of the one pound package found in Hale's possession, confirming that the package was marijuana; and (9) defendant had been investigated by Drug Enforcement Officers in 1999 as a suspected marijuana trafficker.   Reviewed in a common sense manner, a reasonable magistrate could conclude from these attestations that there was a "fair probability," and thus probable cause, to conclude that marijuana would be found at defendant's 633 Edgewood residence.  See United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2003).

In light of the attested facts supporting a finding of probable cause, the omission  of still additional facts does not support defendant's request for a Franks hearing.  See Mays v. City of Dayton, 134 F.3d 809, 816 (6th Cir. 1998) (reiterating that "except in the *very* rare case where the defendant makes a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit, and the omission is

critical to the finding of probable cause, Franks is inapplicable to the omission of disputed facts").  Defendant's argument that there is "no evidence whatsoever that proves what Mr. Hale told the Police," such as Hale's own handwritten statements or audio/video recordings of Costley's interview of Hale, ignores Officer Costley's *sworn* attestations, themselves evidence of what Hale told Costley.  Defendant has not proffered authority to support his position that attestations in an affidavit are considered unreliable unless they are independently corroborated in another medium.

Defendant's argument that Hale's statements are also inherently unreliable because Hale himself was never charged with a crime is unavailing.  Costley could not have reasonably attested to a magistrate in his March 25, 2003 affidavit that Hale was not going to be charged with a crime, a decision that ultimately is made by a prosecuting attorney.  Terrance Wheeler's proffered affidavit attesting that Costley once offered him "immediate release from detainment with no further actions being taken against me . . . if I would say I had purchased marijuana from Daniel Stuart" fails to show that Costley asked Wheeler to falsely or recklessly implicate defendant in a prior drug transaction.  Likewise, defendant's own proffered affidavit does not necessarily call into question Officer Costley's veracity, and thus fails to support a finding that a Franks hearing is warranted.  See United States v. Giacalone, 853 F.2d 470, 476 (6th Cir. 1988).

Defendant's instant motion reiterates the conspiracy theory advanced by defendant in his second motion to suppress, a theory this court once rejected, and again rejects today.  Defendant has not made a substantial preliminary showing that any of Officer Costley's averments are false, let alone deliberately or recklessly false.  Atkins, 107 F.3d at 1216-17.  Officer Costley's affidavit generated probable cause sufficient to support the warrant based search of defendant's residence.  Johnson, 351 F.3d at 258.  Defendant's

4

request for a <u>Franks</u> hearing and for the suppression of evidence are wholly without merit.

III.

Defendant's motion for an extension of time to file a third motion to suppress and a demand for a <u>Franks</u> hearing is hereby GRANTED <u>nunc</u> <u>pro</u> <u>tunc</u>.  Defendant's motion to suppress and demand for a <u>Franks</u> hearing is hereby DENIED on its merits.  This matter shall proceed to trial as scheduled for February 21, 2006.

SO ORDERED.

s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 9, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee

Secretary/Deputy Clerk
