UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

                                      Case No. 04-CR-80439

vs.                                  HON. GEORGE CARAM STEEH

DANIEL LEE STUART,

               Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR STAY AND BOND
PENDING APPEAL (#74) AND SUPPLEMENTAL MOTION FOR
STAY AND BOND PENDING APPEAL (#78)

      In separate motions, defendant Daniel Stuart moves for a stay of proceedings and bond pending an appeal of his April 19, 2006 jury convictions for possession of marijuana with intent to distribute, 21 U.S.C. § 841(a), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), maintaining a drug involved premises, 21 U.S.C. § 856(a)(1), possession of an unregistered firearm, 26 U.S.C. § 5861(d), and possession of a firearm as an illegal drug user, 18 U.S.C. § 922(g)(3).  Stuart was sentenced on September 26, 2006 to a total of 157 months imprisonment.  Stuart moves for a stay of execution of sentence on the posting of bond under 18 U.S.C. § 3143(b) and, alternatively, under 18 U.S.C. § 3145(c).  Oral argument would not significantly aid the decisional process.  See E.D. Mich. Local R. 7.1(e)(2).  It is ORDERED that the motions be resolved without oral argument.  Id.

## I.  Statutory Authority

      18 U.S.C. § 3143(b) provides:

**(b) Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who

2:04-cr-80439-GCS-DAS   Doc # 85   Filed 10/23/06   Pg 2 of 5   Pg ID 458

has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
**(i)** reversal,
**(ii)** an order for a new trial,
**(iii)** a sentence that does not include a term of imprisonment, or
**(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A-C)] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b) (emphasis added). 18 U.S.C. § 3142(f)(1)(A-C) reads:

**(f) Detention hearing.--**The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--

**(1)** upon motion of the attorney for the Government, in a case that involves--

**(A)** a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

**(B)** an offense for which the maximum sentence is life imprisonment or death;

**(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)[.]

18 U.S.C. § 3145(c) provides:

**(c)** Appeal from a release or detention order.--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

## II. Analysis

Subject to the above statutory criteria, whether to stay execution of sentence on bond pending appeal is within the district court's discretion. United States v. Katsma, 147 Fed.Appx. 561, 565 (6th Cir. 2005) (citing United States v. Chilingirian, 280 F.3d 704, 709 (6th Cir. 2002)). 18 U.S.C. § 3143(b)(1) creates a rebuttable presumption against release pending appeal that may be overcome by showing: (1) by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to the safety of another person or the community; and (2) that the appeal is not for delay and raises a substantial question of fact or law likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total time already served plus the expected length of the appeal process. United States v. Sandles, 67 Fed.Appx. 353, 354 (6th Cir. 2003) (citing United States v. Vance, 851 F.2d 166, 168-69 (6th Cir.), cert. denied, 488 U.S. 893 (1988); United States v. Pollard, 778 F.2d 1177, 1181 (6th Cir. 1985)); 18 U.S.C. § 3143(b)(1).

In contrast, the mandatory detention provision of § 3143(b)(2) applies even if the defendant's actual sentence for a crime described in § 3142(f)(1)(A-C) is less than the statutory maximum for that crime. United States v. Morgan, No. 92-2034, 1992 WL 289588 (6th Cir. Oct. 13, 1992) (unpublished) (citing United States v. Carr, 947 F.2d 1239 (5th Cir. 1991)). Stuart was convicted of maintaining a drug involved premises under 21 U.S.C. §

856(a)(1), which carried a maximum prison term of 20 years. <u>See</u> 21 U.S.C. § 856(b)[1].

Stuart's lesser actual sentence of 97 months on the § 856(a)(1) conviction did not remove his appeal status from the mandatory detention provision of 18 U.S.C. § 3143(b)(2) by way of § 3142(f)(1)(C). <u>Id</u>. As a criminal defendant subject to the mandatory detention provision of 18 U.S.C. § 3143(b)(2), Stewart must meet the criteria of § 3143(b)(1) and clearly show under 18 U.S.C. § 3145(c) exceptional reasons why his detention pending appeal is inappropriate. <u>Sandles</u>, 67 Fed.Appx. at 354 (citing <u>United States v. Lanier</u>, 120 F.3d 640, 642 (6th Cir. 1997) (en banc) (Nelson, J. concurring)).

Stuart has failed to raise a substantial question of fact or law likely to result in a reversal of his convictions, an order for a new trial, or a sentence reduction, and thus fails to meet the initial criteria of § 3143(b)(1)(B) for release on bond under § 3145(c). <u>Sandles</u>, 67 Fed.Appx. at 354. Stuart's arguments regarding the validity of the search warrant and underlying affidavits have been repeatedly rejected by this court. Stuart's argument of prosecutorial misconduct is unconvincing. The evidence proffered at trial, including the drug contraband and firearms found within Stuart's home, was sufficient to justify the jury's verdict. The court did not err in instructing the jury.

In addition, Stuart has fails clearly show exceptional reasons why his detention pending appeal is inappropriate. While awaiting transfer to a Federal Bureau of Prisons facility in the Wayne County Jail, Stuart was hospitalized twice for heart problems, and received a heart catherization and heart stent. Stuart has received proper medical treatment while incarcerated at the state facility. Stuart's additional attestations that he was not given food at the hospital for three days, that he lost 20 pounds during his first week of

---

[1] "Any person who violates subsection (a) of this section shall be sentenced to a term of imprisonment of not more than 20 years or a fine of not more than $500,000, or both, or a fine of $2,000,000 for a person other than an individual."

incarceration, and that he was not given his Plavix and aspirin for two days after his surgery do not constitute exceptional circumstances for releasing Stuart on bond pending an appeal. Stuart has not clearly shown that his medical condition cannot be properly treated by the Federal Bureau of Prisons. See United States v. Rodriguez, 50 F.Supp.2d 717, 722 (N.D. Ohio 1999).

In summary, Stuart is subject to the mandatory detention provisions of § 3143(b)(2). Stuart is not entitled to release under § 3145(c) because he has failed to raise a substantial question of fact or law likely to result in a reversal of his convictions, an order for a new trial, or a sentence reduction, and has also failed to clearly demonstrate exceptional circumstances for his release on bond pending appeal. Accordingly,

Stuart's motion for stay and bond pending appeal and supplemental motion for stay and bond pending appeal are hereby DENIED.

SO ORDERED.

Dated: October 23, 2006

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 23, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---